IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and ARTHUR H. BUNTE, JR., as Trustee,<br><br>*Plaintiffs*,<br><br>v.<br><br>PREMIER ENVIRONMENTAL SOLUTIONS, LLC, a Michigan limited liability company,<br><br>*Defendant*. | Case No. 19-cv-3158<br><br>District Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr., one of the Pension Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq*. and is a suit to recover withdrawal liability owed by Defendant as a result of an employer's withdrawal from a multiemployer pension plan.

2. This Court has jurisdiction over this action under sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause

contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES AND BACKGROUND

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Premier Environmental Solutions, LLC ("Premier") is a corporation organized under the laws of the State of Michigan.

8. Local Union 838 of the International Brotherhood of Teamsters ("Local 838") is a labor organization which was the collective bargaining agent for certain employees of non-party D2 Abatement, Inc. ("D2 Abatement") until it ceased operations in August 2014.

9. In or around August 2014, D2 Abatement transferred all or most of its assets and operations to Premier (the "Asset Transfer").

10. After the Asset Transfer, Premier performed the same operations that were formerly performed by D2 Abatement, namely environmental clean-up and abatement, and for

the same customers as had been serviced by D2 Abatement, with all or substantially all of the same employees that had worked for D2 Abatement.

11. On or about August 4, 2014, D2 Abatement, Premier and Local 838 entered into an agreement captioned "Agreement for Assumption Of Collective Bargaining Agreement Between Teamsters Local Union No. 838 and Premier Environmental Solutions, LLC" (the "Assumption Agreement"). The Assumption Agreement provided in part as follows: "Premier hereby agrees to assume the current collective bargaining agreement . . . with an effective term of January 7, 2013 through January 6, 2015 . . . between D2 [Abatement] and the Union in its entirety, and to assume all liabilities of D2 [Abatement] under said agreement."

12. As such, during all relevant times, Premier and Local 838 were parties to a collective bargaining agreement pursuant to which Premier was required to make contributions to the Pension Fund on behalf of certain of its covered employees.

13. Premier was bound to the terms of the Pension Fund Trust Agreement and all rules and regulations promulgated by the Trustees under said Trust Agreement.

## CLAIM FOR RELIEF

14. Plaintiffs reallege and incorporate by reference paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15. Premier is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

16. The Pension Fund determined that on or about March 25, 2017, Premier permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383 (the "Complete Withdrawal").

17. As a result of the Complete Withdrawal, the Pension Fund determined that Premier incurred withdrawal liability to the Pension Fund in the principal amount of $918,683.72, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "Withdrawal Liability").

18. On or about April 4, 2018, Premier received a notice and demand for payment of the Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1) (the "Notice and Demand"). In the Notice and Demand the Pension Fund demanded full payment of the entire amount of the Withdrawal Liability by May 1, 2018, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2)(F) of the Pension Fund Plan Document since the Pension Fund believed there was a substantial likelihood that Premier would be unable to pay the Withdrawal Liability due to Premier's significant delinquent contribution balance. The amount demanded was $918,638.72, the balance owed at that time on the Withdrawal Liability.

19. Premier did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to 29 U.S.C. § 1401(b)(1).

20. Premier failed to make the Withdrawal Liability payment to the Pension Fund.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for –

    (i) $918,638.72 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan

      Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

  (iii) an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

  (iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

      Respectfully Submitted,

      */s/ Caitlin M. McNulty*
      Caitlin M. McNulty, Esq.
      CENTRAL STATES FUNDS
      Law Department
      9377 W. Higgins Road, 10th Floor
      Rosemont, Illinois 60018
      Telephone: (847) 939-2463
      E-mail:cmcnulty@centralstatesfunds.org
May 10, 2019     ARDC No. 6317985